# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| CHANDLER TWO HUNTER BEACH,     )<br>                                  PLAINTIFF, )<br>V.                                      )<br>                                      )<br>CITY OF CARMEL, a municipality, and )<br>ADAM THEIS, an individual; )<br>                                      )<br>                                      )<br>                                 DEFENDANTS.  ) | CAUSE NO. 1:19-cv-4607<br><br>**JURY TRIAL DEMAND** |

## AMENDED COMPLAINT

COMES NOW Plaintiff Chandler Two Hunter Beach for his Amended Complaint against the Defendants City of Carmel and Adam Theis and states as follows.

### INTRODUCTION

1. Plaintiff, Chandler Two Hunter Beach ("Beach"), brings this Complaint against the Defendant, the City of Carmel (the "City") for its mistreatment of him in violation of 42 U.S.C.A. § 1983, the 4th Amendment of the United States Constitution, and Indiana law.

2. This action arises out of a conspiracy on the part of Defendants to cause severe reputational, financial and emotional damage to Plaintiff through malicious prosecution of unwarranted and unsupportable criminal charges that were thrown out and dismissed with prejudice as the Defendants had no evidence supporting the charges against Plaintiff.

3. Beach alleges that the City, through the Carmel Police, specifically Defendant Theis, violated his constitutional rights by making an unreasonable search and seizure of his person property.

4. The City, by and through, the Carmel Police, unlawfully arrested Beach on November 20, 2018, and detained him in the Hamilton County Jail until February 29, 2019, because of that arrest, and the unlawful seizure and search of his Apple iPhone on or about November 21, 2018.

## JURISDICTION AND VENUE

5. This case presents an actual case and controversy arising under Section 1983 of the Civil Rights Act.

6. Original jurisdiction over this case is conferred upon this Court pursuant to 28 U.S. Code § 1343 because this case seeks to recover damages for injury to Beach's property.

7. Venue is proper in this District per 28 U.S.C. § 1391(b) because this is a civil action based on federal question jurisdiction, at least one defendant resides in the jurisdiction, or in which a substantial part of the events which gave rise to the claims occurred.

8. All conditions precedent to bringing this action have been met.

## PARTIES

9. Plaintiff, Chandler Two Hunter Beach, is an individual who resides in Indianapolis, Marion County, Indiana.

10. Defendant, City of Carmel ("City"), is a municipality in the State of Indiana that oversees the Carmel Police Department.  See, City of Carmel, Ind.Code of Ordinances § 6-11 and I.C. 36-8-4-1 *et seq*.

11. Defendant, Detective Adam Theis is a detective, who upon information and belief is employed by the City of Carmel as a detective for the Carmel Police.

## FACTUAL ALLEGATIONS

12. On July 25, 2018, at approximately 4:41 a.m., a Speedway gas station /

convenience store was robbed by what appeared to be two black males, at least one of who was armed with a black and silver handgun.

13.     Officers from the Carmel Police responded to the scene and ultimately Detective Adam Theis was assigned to the case.

14.     While processing the scene, Carmel police officers obtained a bag of flaming hot Cheetos that one of the suspects left on the counter.

15.     CSI Pilkington located fingerprints on the bag of Cheetos.  The prints were sent to the Indiana State Laboratory for analysis and on or about September 4, 2018, Detective Theis received a certificate of analysis which indicated that the prints were left by Tyric Hollins.

16.     Detective Theis continued his investigation to identify the other suspect.  He obtained a search warrant for a forensic examination of Hollins' phone.  From this forensic examination, Detective Theis located videos (the "Videos") that he believed showed Hollins and the other suspect of the Speedway armed robbery on July 25, 2018, shortly after the robbery.

17.     Detective Theis also "located a chat thread with 31 people in it dated 09/01/2018."  Probable Cause Affidavit, 29D03-1811-F3-007944, filed November 15, 2018 (the "Arrest Warrant PC").  This chat thread included two photographs of Beach.

18.      In the Arrest Warrant PC, Detective Theis claimed that he "**immediately identified** the photographs as the same subject in the video following the robbery."  Arrest Warrant PC (emphasis added).

19.     Detective Theis' definitive conclusion that he "immediately identified" the other subject is the only evidence connecting Chandler Beach to the speedway robbery.  Detective Theis' definitive conclusion is also patently false.

20.     Upon obtaining an arrest warrant, based on this inaccurate and misleading Arrest

3

Warrant PC, Detective Theis arrested Chandler Beach on November 20, 2019. Chandler Beach remained in the Hamilton County Jail until February 19, 2019 when, shortly after the deputy prosecutor finally received copies of the Videos from Detective Theis, the deputy prosecutor came to the immediate conclusion that Detective Theis definitive conclusion was obviously wrong.

21. Based on information and belief, Detective Theis also deliberately withheld this information from both the prosecutor and Chandler Beach's defense attorneys. Presumably, Detective Theis knows that the State is required to automatically provide certain evidence as discovery. Detective Theis possessed a copy of the Videos on or before November 15, 2018. He believed that the Videos were material to the charges against Chandler Beach because they were the only evidence connecting Beach to the armed robbery as evidenced by the language of his Arrest Warrant PC. Yet, Detective Theis deliberately withheld these Videos from the prosecutor, and thus Beach's attorneys, for months.

22. The Court appointed Steve Stoesz to represent Beach on November 26, 2018. Pursuant to Hamilton County Local Rule LR29-CR00 Rule 307, the State of Indiana was required to provide its discovery response within 30 days. It did not. Then, on January 2, 2019, an attorney from undersigned's firm entered an appearance to represent Beach and the prosecutor immediately provided some discovery, but not the Videos.

23. On January 7, 2019, undersigned's firm sent a letter to the prosecutor requesting several items that were referenced in, but not provided with, the initial discovery response. Among these items were the "Forensic examinations of Tyric Hollins' phone and Chandler Beach's phone". These forensic examinations would have included the Videos. Based on information and belief, the prosecutor forwarded our request to Detective Theis.

24. On February 8, 2019, this firm received supplemental discovery including every item on the January 7, 2019 letter, except the Videos. Undersigned's firm reiterated the request for the Videos to the prosecutor and he responded on February 11, 2019: "I am still waiting for a copy of the cell phone analyses. I have yet to see the videos myself."

25. On February 19, 2019, the prosecutor finally received the videos from Detective Theis. The prosecutor emailed undersigned's firm stating "I received Hollins cell phone analysis today. I am going to file a motion to dismiss." Detective Theis' definitive conclusion that Beach was in the Videos was so obviously false that the prosecutor dismissed a Level 3 felony charge on the same day that he reviewed the video.

26. In the Arrest Warrant PC, by stating that he "immediate identified" Chandler Beach, Detective Theis omitted material information from the probable cause with the intent to make the affidavit misleading or with reckless disregard for whether it would be misleading, and had his affidavit been supplemented with the omitted information, it would have been insufficient to support a finding of probable cause.

27. Detective Theis' false statements with regard to immediately identifying Beach in the Videos were not his only obviously false statements in this case. Detective Theis also made false statements in his Affidavit for Probable Cause, on or about November 21, 2018, requesting a search warrant of Beach's Apple iPhone (the "Search Warrant PC").

28. In his Search Warrant PC, Detective Theis stated that he obtained a telecommunication order for Beach's Verizon cellular telephone. He stated that he "received the telecom order back from Verizon which showed no activity on [Beach]'s phone around the time of the robbery after it was pinged near his residence at 0349 hours on 07/25/2018." This statement is false.

29. The Verizon telecom order, which the State finally provided in discovery on February 8, 2019, demonstrated that Beach's phone was continuously active in the vicinity of Beach's residence at the time of the robbery. The robbery occurred at approximately 4:41 a.m. in Carmel, northwest of Indianapolis. Beach's phone was engaged in an active session beginning at 3:49 a.m. and ending at 5:56 a.m. near his residence on the east side of Indianapolis. Had Detective Theis not made his misleading statement in the Search Warrant PC, the affidavit would have been insufficient to support a finding of probable cause. Without probable cause, Detective Theis would not have been able to lawfully examine Beach's phone.

30. Defendant Theis' conduct was egregious because he made a false statement in order to ensure that Plaintiff would be arrested.

31. Further, the City of Carmel, through its Police Department, has a widespread practice of systematic discrimination of black men as shown through its violations of the 4th Amendment, that is so well settled and permanent as to constitute a custom or usage with the force of law.

32. Thus, Detective Theis, as an employee of the Carmel Police Department, and the City. examined Beach's phone in clear violation of the 4th and 14th Amendments to the U.S. Constitution and Indiana law.

33. Per the above and below, Theis violated Plaintiff's constitutional rights according to clearly established law at the time because Theis' violation was so obvious that a reasonable officer would know that his actions violated the Constitution.

### Count I- Malicious Prosecution under 42 U.S.C § 1983
### Defendants City of Carmel and Theis)

34. Plaintiff specifically incorporates by reference each of the preceding and succeeding paragraphs.

35. In violation of his due process rights under the 4th Amendment and Indiana law, Defendants subjected Plaintiff to illegal charges, arrest, seizure, and prosecution resulting in reputational, emotional and financial harm to the Plaintiff.

36. Defendants influenced or participated in the decision to criminally prosecute the Plaintiff by knowingly submitting false statements in order to obtain probable cause to arrest Plaintiff.

37. Defendants did so not only in his individual capacity but also as a detective employed by the City.

38. There was no probable cause for the criminal prosecution of the Plaintiff.

39. The criminal charges resolved in Plaintiff's favor.

40. Defendants acted with actual malice, and for a purpose other than bringing Plaintiff to justice. Defendants knowingly submitted false and misleading information, withheld evidence of Plaintiff's innocence, and took steps to wrongfully further what they knew was a baseless prosecution.

41. As a consequence of the legal proceedings brought against Plaintiff, he suffered a deprivation of liberty, apart from the initial arrest and seizure. Defendants refused to produce exculpatory evidence in the criminal case. As a result, the criminal charges remained pending against Plaintiff for four months, resulting in reputational, emotional, and financial harm to Plaintiff, including the loss of his job.

WHEREFORE, the Plaintiff demands judgment against Defendants for actual, general, special, compensatory and punitive damages, plus costs of this action, including his attorney's fees, and all other appropriate relief.

### Count II- False Imprisonment
### (Defendants City of Carmel and Theis)

42. Plaintiff specifically incorporates by reference each of the preceding and succeeding paragraphs.

43. The actions of the Defendants as described above unlawfully retrained Beach's freedom of movement and deprived him of his liberty without his consent.

44. Defendants acted without probable cause.

45. Defendants submitted knowingly false information, withheld evidence of Plaintiff's innocence, and took steps to wrongfully further what they knew was a baseless prosecution.

46. Defendants actions resulted in criminal charges remaining pending against Plaintiff for four months, resulting in reputational, emotional, and financial harm to Plaintiff, including the loss of his job.

WHEREFORE, the Plaintiff demands judgment against Defendants for actual, general, special, compensatory and punitive damages, plus costs of this action, including his attorney's fees, and all other appropriate relief.

### Count III- False Arrest
### (Defendant Theis)

47. Plaintiff specifically incorporates by reference each of the preceding and succeeding paragraphs.

48. Defendant Theis' actions constitute a false arrest under the 4th and 14th Amendments and Indiana law.

49. As shown, no probable cause existed to support Theis' arrest of Plaintiff and Theis unlawfully restrained Plaintiff and deprived him of his liberty without consent.

WHEREFORE, the Plaintiff demands judgment against Defendants for actual, general, special, compensatory and punitive damages, plus costs of this action, including his attorney's fees,

and all other appropriate relief.

JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all issues so triable.

 Respectfully submitted,

 CAMDEN & MERIDEW, P.C.

 /s/ Julie A. Camden   _____
 Julie A. Camden
 Camden & Meridew, P.C.
 10412 Allisonville Road, Suite 200
 Fishers, IN 46038
 Tel: (317) 770-0000
 Fax: (888) 339-9611
 E-mail: jc@camlawyers.com