IN THE UNITED STATES DISTRICT COURT
Southern District of Indiana
Indianapolis Division

CHANDLER TWO HUNTER BEACH, )
                                   )
     Plaintiff,                      )
                                   )  Case No. 1:19-CV-04607-RLY-TAB
    v.                               )
                                   )
CITY OF CARMEL, a municipality, )
and ADAM THEIS, an individual; )
                                   )
     Defendants.           )

**DEFENDANT, CITY OF CARMEL'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

Defendant, City of Carmel, for its Answer to the Plaintiff's Amended Complaint states the following:

### INTRODUCTION

1. Plaintiff, Chandler Two Hunter Beach ("Beach"), brings this Complaint against the Defendant, the City of Carmel for its mistreatment of him in violation of 42 U.S.C.A § 1983, the 4th Amendment of the United States Constitution, and Indiana law.

   **Defendant admits that Plaintiff's Complaint purports to be brought pursuant to 42 U.S.C.A § 1983, the 4th Amendment of the United States Constitution, and Indiana law. Defendant denies the remaining allegations contained in paragraph 1of Plaintiff's Amended Complaint.**

2. This action arises out of a conspiracy on the part of Defendants to cause severe reputational, financial and emotional damage to Plaintiff through malicious prosecution of unwarranted and unsupportable criminal charges

that were thrown out and dismissed with prejudice as the Defendants had no evidence supporting the charges against Plaintiff.

**Defendant denies the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.**

3. Beach alleges that the City, through the Carmel Police, specifically Defendant Theis, violated his constitutional rights by making an unreasonable search and seizure of his person property.

**Defendant denies the allegations contained in paragraph 3 of Plaintiff's Amended Complaint**.

4. The City, by and through the Carmel Police Department, unlawfully arrested Beach on November 20, 2018, and detained him in the Hamilton County Jail until February 29, 2019, because of that arrest, and the unlawful seizure and search of his Apple iPhone on or about November 21, 2018.

**Defendant denies the allegations contained in paragraph 4 of Plaintiff's Amended Complaint**.

### JURISDICTION AND VENUE

5. This case presents an actual case and controversy arising under Section 1983 of the Civil Rights Act.

**Defendant admits that Plaintiff's Complaint purports to be brought pursuant to 42 U.S.C.A § 1983. Defendant denies the remaining allegations contained in paragraph 5 of Plaintiff's Amended Complaint.**

6. Original jurisdiction over this case is conferred upon this Court pursuant to 28 U.S. Code § 1343 because this case seeks to recover damages for injury to Beach's property.

   **Defendant is without sufficient information to admit or deny the allegations in paragraph 6 of Plaintiff's Amended Complaint.**

7. Venue is proper in the District per 28 U.S.C. § 1391 (b) because this is a civil action based on federal question jurisdiction, at least one defendant resides in the jurisdiction, or in which a substantial part of the events which gave rise to the claims occurred.

   **Defendant admits the allegations contained in paragraph 7 of Plaintiff's Amended Complaint.**

8. All conditions precedent to bringing this action have been met.

   **Defendant is without sufficient information to admit or deny the allegations in paragraph 8 of Plaintiff's Amended Complaint.**

## PARTIES

9. Plaintiff, Chandler Two Hunter Beach, in an individual who resides in Indianapolis, Marion County, Indiana.

   **Defendant is without sufficient information to admit or deny the allegations in paragraph 9 of Plaintiff's Amended Complaint.**

10. Defendant, City of Carmel ("City"), is a municipality in the State of Indiana and the City of Carmel Police Department, is a police department overseen by the City.

**Defendant admits the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.**

11. Defendant, Detective Adam Theis is a detective, who upon information and belief is employed by the City of Carmel and works for the Carmel Police Department.

**Defendant admits the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.**

## FACTUAL ALLEGATIONS

12. On July 25, 2018, at approximately 4:41 a.m., a Speedway gas station/convenience store was robbed by what appeared to be two black males, at least one of who was armed with a black and silver handgun.

**Defendant admits the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.**

13. Officers from the Carmel Police responded to the scene and ultimately Detective Adam Theis was assigned to the case.

**Defendant admits the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.**

14. While processing the scene, Carmel Police officers obtained a bag of flaming hot Cheetos that one of the suspects left on the counter.

**Defendant admits the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.**

15. CSI Pilkington located fingerprints on the bag of Cheetos. The prints were sent to the Indiana State Laboratory for analysis and on or about

September 4, 2018, Detective Theis received a certificate of analysis which indicated that the prints were left by Tyric Hollins.

**Defendant admits the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.**

16. Detective Theis continued his investigation to identify the other suspect. He obtained a search warrant for a forensic examination of Hollins' phone. From the forensic examination, Detective Theis videos (the "Videos") that he believed showed Hollins and the other suspect of the Speedway armed robbery on July 25, 2018, shortly after the robbery.

**Defendant admits the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.**

17. Detective Theis also "located a chat thread with 31 people in it date 09/01/2018." Probably Cause Affidavit, 29D03-1811-F3-007944, filed November 15, 2018 (the "Arrest Warrant PC"). This chat thread included two photographs of Beach.

**Defendant admits the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.**

18. In the Arrest Warrant PC, Detective Theis claimed that "**immediately identified** the photographs as the same subject in the video following the robbery." Arrest warrant PC (emphasis added).

**Defendant admits the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.**

19. Detective Theis' definitive conclusion that he "immediately identified" the other subject is the only evidence connecting Chandler Beach to the speedway robbery. Detective Theis' definitive conclusion is also patently false.

**Defendant denies the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.**

20. Upon obtaining an arrest warrant, based on this inaccurate and misleading Arrest Warrant PC, Detective Theis arrested Chandler Beach on November 20, 2019. Chandler Beach remained in the Hamilton County Jail until February 19, 2019 when, shortly after the deputy prosecutor finally received copies of the Videos from Detective Theis, the deputy prosecutor came to the immediate conclusion that Detective Theis definitive conclusion was obviously wrong.

**Defendant admits that Detective Theis obtained an arrest warrant. Defendant is without sufficient information to admit or deny whether Chandler Beach remained in the Hamilton County Jail until February 19, 2019 when, shortly after the deputy prosecutor finally received copies of the Videos from Detective Theis. Defendant denies the remaining allegations contained in paragraph 20 of Plaintiff's Amended Complaint.**

21. Based on information and belief, Detective Theis also deliberately withheld this information from both the prosecutor and Chandler Beacha's defense attorneys. Presumably, Detective Theis knows that the State is

required to automatically provide certain evidence as discovery. Detective Theis possessed a copy of the Videos on or before November 15, 2018. He believed that the Videos were materials to the charges against Chandler Beach because they were the only evidence connecting Beach to the armed robbery as evidenced by the language of his Arrest Warrant PC. Yet, Detective Theis deliberately withheld these Videos from the prosecutor, and thus Beach's attorneys, for months.

**Defendant denies the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.**

22. The Court appointed Steve Stoesz to represent Beach on November 26, 2018. Pursuant to Hamilton County Local Rule LR29-CR00 Rule 307, the State of Indiana was required to provide its discovery response within 30 days. It did not. Then, on January 2, 2019, an attorney from undersigned's firm entered an appearance to represent Beach and the prosecutor immediately provided some discovery, but not the Videos.

**Defendant is without sufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.**

23. On January 7, 2019, undersigned's firm sent a letter to the prosecutor's requesting several items that were referenced in, but not provided with, the initial discovery response. Among those items were the "Forensic examinations of Tyric Hollins' phone and Chandler Beach's phone." These forensic examinations would have included the Videos.

Based on the information and belief, the prosecutor forwarded our request to Detective Theis.

**Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.**

24. On February 8, 2019, this firm received supplemental discovery including every item on the January 7, 2019 letter, except the Videos. Undersigned's firm reiterated the request for the Videos to the prosecutor and he responded on February 11, 2049. " I am still waiting for a copy of the cell phone analyses. I have yet to see the videos myself."

**Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.**

25. On February 19, 2019, the prosecutor finally received the videos from Detective Theis. The prosecutor emailed undersigned's firm stating "I received Hollins cell phone analysis today. I am going to file a motion to dismiss." Detective Theis' definitive conclusion that Beach was in the Videos was obviously false that the prosecutor dismissed a Level 3 felony charge on the same day that he reviewed the Video.

**Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.**

26. In the Arrest Warrant PC, by stating that he "immediate identified" Chandler Beach, Detective Theis omitted material information from the probable cause with the intent to make the affidavit misleading or with reckless disregard for whether it would be misleading, and had his affidavit been supplemented with the omitted information, it would have been insufficient to support a finding of probable cause.

    **Defendant denies the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.**

27. Detective Theis' false statements with regard to immediately identifying Beach in the Videos were not his only obviously false statements in this case. Detective Theis also made false statements in his Affidavit for Probable Cause, on or about November 21, 2018, requesting a search warrant of Beach's Apple iPhone (the "Search Warrant PC").

    **Defendant denies the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.**

28. In his Search Warrant PC, Detective Theis stated that he obtained a telecommunication order for Beach's Verizon cellular telephone. He stated that he "received the telecom order back from Verizon which showed no activity on [Beach]'s phone around the time of the robbery after it was pinged near his residence at 0349 hours on 07/25/2018." This statement is false.

    **Defendant denies the allegations contained in paragraph 28 of Plaintiff's Amended Complaint.**

29. The Verizon telecom order, which the State finally provided in discovery on February 8, 2019, demonstrated that Beach's phone was continuously active in the vicinity of Beach's residence at the time of the robbery. The robbery occurred at approximately 4:41 a.m. in Carmel, northwest of Indianapolis. Beach's phone was engaged in an active session beginning at 3:49 a.m. and ending at 5:56 a.m. near his residence on the east side of Indianapolis. Had Detective Theis not made his misleading statement in the Search Warrant PC, the affidavit would have been insufficient to support a finding of probable cause. Without probable cause, Detective Theis would not have been able to lawfully examine Beach's phone. **Defendant denies Detective Theis made a misleading statement in the search warrant probable cause affidavit. Defendant denies or that the affidavit was insufficient to support a finding of probable cause. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 29 of Plaintiff's Amended Complaint.**

30. Defendant Theis' conduct was egregious because he made a false statement in order to ensure that Plaintiff would be arrested. **Defendant denies the allegations contained in paragraph 30 of Plaintiff's Amended Complaint.**

31. Further, the City of Carmel, through its Police Department, has a widespread practice of systematic discrimination of black men as shown

through its violations of the 4th Amendment, that is so well settled and permanent as to constitute a custom or usage with the force of law.

**Defendant denies the allegations contained in paragraph 31 of Plaintiff's Amended Complaint.**

32. Thus, Detective Theis, as an employee of the Carmel Police Department, and the City examined Beach's phone in clear violation of the 4th and 14th Amendments to the U.S. Constitution and Indiana Law.

**Defendant denies the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.**

33. Per the above and below, Theis violated Plaintiff's constitutional rights according to clearly established new law at the time because Theis' violation was so obvious that a reasonable officer would know that his actions violated the Constitution.

**Defendant denies the allegations contained in paragraph 33 of Plaintiff's Amended Complaint.**

### Count I – Malicious Prosecution under 42 U.S.C. § 1983
### Defendants City of Carmel and Theis

34. Plaintiff specifically incorporate by reference each of the preceding and succeeding paragraphs.

**Defendant realleges and reaffirms its answers to paragraph 1 through 33 of Plaintiff's Amended Complaint.**

35. In violation of his due process rights under the 4th Amendment and Indiana law, Defendants subjected Plaintiff to illegal charges, arrest, seizure,

and prosecution resulting in reputational, emotional and financial harm to the Plaintiff.

**Defendant denies the allegations contained in paragraph 35 of Count I of Plaintiff's Amended Complaint.**

36. Defendants influenced or participated in the decision to criminally prosecute the Plaintiff by knowingly submitting false statements in order to obtain probable cause to arrest Plaintiff.

**Defendant denies the allegations contained in paragraph 36 of Count I of Plaintiff's Amended Complaint.**

37. Defendants did so not only in his individual capacity but also as a detective employed by the City.

**Defendant denies the allegations contained in paragraph 37 of Count I of Plaintiff's Amended Complaint.**

38. There was no probable cause for the criminal prosecution of the Plaintiff.

**Defendant denies the allegations contained in paragraph 38 of Count I of Plaintiff's Amended Complaint.**

39. The criminal charges resolved in Plaintiff's favor.

**Defendant is without sufficient information to admit or deny the allegations contained in paragraph 39 of Count I of Plaintiff's Amended Complaint.**

40. Defendant acted with actual malice, and for a purpose other than bringing Plaintiff justice. Defendants submitted knowingly false

information, withheld evidence of Plaintiff's innocence, and took steps to wrongfully further what they knew was a baseless prosecution.

**Defendant denies the allegations contained in paragraph 40 of Count I of Plaintiff's Amended Complaint.**

41. As a consequence of the legal proceedings brought against Plaintiff, he suffered deprivation of liberty, apart from the initial arrest and seizure. Defendants refused to produce exculpatory evidence in the criminal case. As a result, the criminal charges remained pending against Plaintiff for four months, resulting in reputational, emotional, and financial harm to Plaintiff, including the loss of his job.

**Defendant denies the allegations contained in paragraph 41 of Count I of Plaintiff's Complaint.**

### Count II – False Imprisonment
### (Defendants City of Carmel and Theis)

42. Plaintiff specifically incorporate by reference each of the preceding and succeeding paragraphs.

**Defendant realleges and reaffirms its answers to paragraphs 1 through 41 of Plaintiff's Amended Complaint.**

43. The actions of the Defendants described above unlawfully retained Beach's freedom of movement and deprived him of his liberty without consent.

**Defendant denies the allegations contained in paragraph 43 of Count II of Plaintiff's Amended Complaint.**

44. Defendants acted without probable cause.

**Defendant denies the allegations contained in paragraph 44 of Count II of Plaintiff's Amended Complaint.**

45. Defendants submitted knowingly false information, withheld evidence of Plaintiff's innocence, and took steps to wrongfully further what they knew as a baseless prosecution.

**Defendant denies the allegations contained in paragraph 45 of Count II of Plaintiff's Amended Complaint.**

46. Defendants actions resulted in criminal charges remaining pending against Plaintiff for four months, resulting in reputational, emotional, and financial harm to Plaintiff, including the loss of his job.

**Defendant denies the allegations contained in paragraph 46 of Count II of Plaintiff's Amended Complaint.**

<u>Count III-False Arrest
(Defendant Theis)</u>

47. Plaintiff specifically incorporates by reference each of the preceding and succeeding paragraphs.

**Defendant realleges and reaffirms its answers to paragraphs 1 through 46 of Plaintiff's Amended Complaint.**

48. Defendant Theis' actions constitute a false arrest under the 4th and 14th Amendments and Indiana Law.

**The allegations contained in Count III of Plaintiff's Amended Complaint, specifically paragraphs 48 through 49, are not directed at Defendant, City of Carmel and, therefore, no response is required.  However, to the extent a responsive pleading is required, and to the extent the allegations**

**contained Count III are directed to Defendant, City of Carmel, they are specifically denied.**

contained Count III are directed to Defendant, City of Carmel, they are specifically denied.

49. As shown, no probable cause existed to support Theis' arrest of Plaintiff and Theis unlawfully restrained Plaintiff and deprived him of his liberty without consent.

The allegations contained in Count III of Plaintiff's Amended Complaint, specifically paragraphs 48 through 49, are not directed at Defendant, City of Carmel and, therefore, no response is required. However, to the extent a responsive pleading is required, and to the extent the allegations contained Count III are directed to Defendant, City of Carmel, they are specifically denied.

WHEREFORE, the Defendant, City of Carmel, would pray for judgment in its favor, that Plaintiff take nothing by way of his Complaint, for costs of this action, and for all other just and proper relief in the premises.

## AFFIRMATIVE DEFENSES

Comes now Defendant, City of Carmel, by counsel, and for its Affirmative Defenses to Plaintiff's Complaint, alleges and says:

1. Plaintiff's alleged injuries and damages, if any, are barred or reduced by Plaintiff's independent acts of negligence and/or intentional conduct.

2. That the injuries and/or damages of which the Plaintiff complains were the proximate result of the risk voluntarily incurred and/or assumed by the Plaintiff.

  3.  That the Plaintiff's state law claims against the Defendant are barred pursuant to Ind. Code § 34-13-3-1, *et seq*.

  4.  Defendant is entitled to qualified immunity from Plaintiff's claims.

  5.  Defendant is entitled to absolute immunity from Plaintiff's claims.

  6.  Plaintiff has failed to state a claim for which relief can be granted.

  7.  The Plaintiff failed to file a timely Notice of Tort Claim pursuant to Ind. Code § 34-13-3-1, *et seq*.

  8.  The alleged acts and/or omissions of Defendant did not constitute a violation of Plaintiff's constitutional rights.

  9.  Plaintiff did not sustain any constitutional deprivation based upon any custom or practice of the Defendant.

  10.  Defendant is immune from any claims for damages which are punitive in nature and/or request for attorney's fees whether pursuant to statute or common law by virtue of the fact that Defendant is a governmental entity.

  11.  With respect to any potential state law claims, Defendant is immune under common law.

  12.  Defendant acted in good faith and had reasonable grounds for believing that any acts taken did not violate applicable federal or state laws.

  13. Plaintiff has failed to fully mitigate his damages, but to the extent that mitigation has occurred, Plaintiff has already been fully or partially compensated for the injuries and/or damages of which he complains and is therefore not

entitled to recover from the Defendant, and any such compensation is a set-off against any claim by the Plaintiff against the Defendant.

14. Plaintiff's lawsuit and any recovery is barred to the extent that the claims are subject to any statute limiting the cause of action or the recovery of damages, including but not limited to a cap on compensatory damages and a limitation on interest.

15. Plaintiff's recovery, if any, on state law claims is limited pursuant to Ind. Code § 34-13-3-4.

16. Defendant did not act with malice or reckless indifference.

17. The plaintiff's claims are barred by the existence of reasonable suspicion or probable cause.

18. Defendant adopts any affirmative defenses plead by any other Defendant.

Defendant hereby reserves any and all rights they may have to raise additional affirmative defenses.

WHEREFORE, the Defendant, City of Carmel, would pray for judgment in its favor, that the Plaintiff take nothing by way of his Complaint, for costs of this action, and for all other just and proper relief in the premises.

### JURY DEMAND

Pursuant to Trial Rule 38, the Defendant respectfully demands a trial by jury.

                        Respectfully submitted,

                        **TRAVELERS STAFF COUNSEL INDIANA**

By:   */s/ Aimee Rivera Cole*
       Aimee Rivera Cole, #24669-45

280 E. 96th Street, Suite 325
Indianapolis, IN  46240
Direct Dial 317-818-5123
arcole@travelers.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 10th day of January, 2020, a copy of this document was filed electronically, with a copy automatically served via the Court's CM/ECF system upon all counsel of record.

Julie A. Camden
Camden & Meridew PC
10412 Allisonville Road, Suite 200
Fishers, IN  46038

Matt Hinkle
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032

By:   */s/ Aimee Rivera Cole*
       Aimee Rivera Cole, #24669-45

***TRAVELERS STAFF COUNSEL INDIANA***
280 East 96th Street, Suite 325
Indianapolis, IN  46240
DIRECT DIAL (317) 818-5123
FX (317) 818-5124
arcole@travelers.com