**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

CHANDLER TWO HUNTER BEACH,          )
                                                                        )
                              Plaintiff,          )
                                                                        )      Cause No. 1:19-cv-04607-RLY-TAB
            v.                                                     )
                                                                        )
CITY OF CARMEL, a municipality, and     )
ADAM THEIS, an individual,                      )
                                                                        )
                              Defendants.          )

**DEFENDANT THEIS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S AMENDED COMPLAINT**

_____

Defendant, Adam Theis, an individual, by counsel, for his Answer and Affirmative Defenses to Plaintiff's Amended Complaint, states as follows:

<u>INTRODUCTION</u>

1.    Complaint Paragraph One (1) is a jurisdictional statement and does not contain allegations susceptible to admission or denial, therefore, Defendant Theis is without knowledge or information sufficient to form a belief about the truth of the statements and contents of Paragraph 1.

2.    Defendant Theis denies the material allegations contained in Complaint Paragraph 2.

3.    Complaint Paragraph Three (3) appears to be directed at the City of Carmel as opposed to Defendant Theis.   To the extent Paragraph 3 includes allegations directed at or involving Defendants Theis, all such allegations are denied.

4.     Defendant Theis is without knowledge or information sufficient to form a belief about the truth of the allegations and contents of Complaint Paragraph 4.

WHEREFORE, Defendant, Adam Theis, by counsel, respectfully requests that judgment be entered in his favor for all claims asserted by Plaintiff against him, for costs and all other appropriate relief.

## JURISDICTION AND VENUE

5.     Defendant Theis is without knowledge or information sufficient to form a belief about the truth of the allegations and/or statements of Complaint Paragraph 5.

6.     Defendant Theis is without knowledge or information sufficient to form a belief about the truth of the allegations and/or statements of Complaint Paragraph 6.

7.     Defendant Theis is without knowledge or information sufficient to form a belief about the truth of the allegations and/or statements of Complaint Paragraph 7.

8.     Defendant Theis is without knowledge or information sufficient to form a belief about the truth of the allegations and/or statements of Complaint Paragraph 8.

WHEREFORE, Defendant, Adam Theis, by counsel, respectfully requests that judgment be entered in his favor for all claims asserted by Plaintiff against him, for costs and all other appropriate relief.

## PARTIES

9.     Defendant Theis is without knowledge or information sufficient to form a belief about the truth of the allegations and/or statements of Complaint Paragraph Complaint Paragraph 9.

10.     Defendant Theis admits the allegations contained in Complaint Paragraph 10.

11.     Defendant Theis admits the allegations contained in Complaint Paragraph 11.

WHEREFORE, Defendant, Adam Theis, by counsel, respectfully requests that judgment be entered in his favor for all claims asserted by Plaintiff against him, for costs and all other appropriate relief.

<u>FACTUAL ALLEGATIONS</u>

12.     Defendant Theis admits the material allegations contained in Complaint Paragraph 12.

13.     Defendant Theis admits the material allegations contained in Complaint Paragraph 13.

14.     Defendant Theis admits the material allegations contained in Complaint Paragraph 14.

15.     Defendant Theis admits the material allegations contained in Complaint Paragraph 15.

16.     Defendant Theis admits the material allegations contained in Complaint Paragraph 16. In addition, Defendant Theis and other Carmel officers reasonably believed the video(s) depicted Hollins and the Plaintiff shortly after the robbery.

17.     Defendant Theis admits the material allegations contained in Complaint Paragraph 17.

18.     Defendant Theis admits in part, however, the alleged quotation is incomplete and does not fully contain the entirety of the sentence contained within the affidavit.  Thus, Defendant denies in part. Moreover, the document speaks for itself.

19.     Defendant Theis denies the material allegations contained in Complaint Paragraph 19.

20.     Defendant Theis denies the allegation that the arrest warrant was based on inaccurate and misleading information. Instead, the arrest warrant was based on probable cause for Plaintiff's arrest, which occurred on November 20, 2018. Defendant Theis is without information or knowledge sufficient to form a belief as to the remaining allegations of Complaint Paragraph 20.

21.     Defendant Theis denies the material allegations contained in Complaint Paragraph 21.

22.     Defendant Theis is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in Complaint Paragraph 22.

23.     Defendant Theis is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in Complaint Paragraph 23.

24.     Defendant Theis is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in Complaint Paragraph 24.

25.     Defendant Theis is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in Complaint Paragraph 25.

26.     Defendant Theis denies the material allegations contained in Complaint Paragraph 26.

27.      Defendant Theis denies the material allegations contained in Complaint Paragraph 27.

28.     Defendant Theis denies the material allegations contained in Complaint Paragraph 28.  Also, the search warrant speaks for itself.

29.     Defendant Theis denies the material allegations contained in Complaint Paragraph 29.

30.     Defendant Theis denies the material allegations contained in Complaint Paragraph 30.

31.     Defendant Theis denies the material allegations contained in Complaint Paragraph 31.

32.     Defendant Theis denies the material allegations contained in Complaint Paragraph 32.

33.     Defendant Theis denies the material allegations contained in Complaint Paragraph 33.

WHEREFORE, Defendant, Adam Theis, by counsel, respectfully requests that judgment be entered in his favor for all claims asserted by Plaintiff against him, for costs and all other appropriate relief.

<u>Count I – Malicious Prosecution under 42 U.S.C. § 1983</u>
<u>(Defendants City of Carmel and Theis)</u>

34.     Defendant Theis incorporates his answers to Complaint Paragraphs 1-33 as though fully set forth herein.

35.     Defendant Theis denies the material allegations contained in Complaint Paragraph 35.

36.     Defendant Theis denies the material allegations contained in Complaint Paragraph 36.

37.     Defendant Theis is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in Complaint Paragraph 37.

38.     Defendant Theis denies the material allegations contained in Complaint Paragraph 38.

39.     Defendant Theis denies the material allegations contained in Complaint Paragraph 39.

40.     Defendant Theis denies the material allegations contained in Complaint Paragraph 40.

41.     Defendant Theis denies the material allegations contained in Complaint Paragraph 41.

WHEREFORE, Defendant, Adam Theis, by counsel, respectfully requests that judgment be entered in his favor for all claims asserted by Plaintiff against him, for costs and all other appropriate relief.

Count II – False Imprisonment
(Defendants City of Carmel and Theis)

42.     Defendant Theis incorporates his answers to Complaint Paragraphs 1-41 as though fully set forth herein.

43.      Defendant Theis denies the material allegations contained in Complaint Paragraph 43.

44.     Defendant Theis denies the material allegations contained in Complaint Paragraph 44.

45.     Defendant Theis denies the material allegations contained in Complaint Paragraph 45.

46.     Defendant Theis denies the material allegations contained in Complaint Paragraph 46.

WHEREFORE, Defendant, Adam Theis, by counsel, respectfully requests that judgment be entered in his favor for all claims asserted by Plaintiff against him, for costs and all other appropriate relief.

<u>Count III – False Arrest</u>
<u>(Defendant Theis)</u>

47.     Defendant Theis incorporates his answers to Complaint Paragraphs 1-46 as though fully set forth herein.

48.      Defendant Theis denies the material allegations contained in Complaint Paragraph 48.

49.     Defendant Theis denies the material allegations contained in Complaint Paragraph 49.

WHEREFORE, Defendant, Adam Theis, by counsel, respectfully requests that judgment be entered in his favor for all claims asserted by Plaintiff against him, for costs and all other appropriate relief.

Respectfully submitted,

**COOTS, HENKE & WHEELER, P.C.**

*s/ Matthew L. Hinkle*
Matthew L. Hinkle, #19396-29
*Attorney for Defendant, Adam Theis*

## **AFFIRMATIVE DEFENSES**

Subject to ongoing investigation and discovery and without waiving any of the defenses set forth above, or any other defenses available at law or equity, Defendant Theis, by counsel, respectfully asserts the following defenses to the Amended Complaint:

1.     Any and all allegations of wrongdoing as to Adam Theis contained in Plaintiff's Amended Complaint not hereinbefore specifically admitted or denied are now denied.

2.     Plaintiff failed to state a claim upon which relief can be granted under state law and the Fourth and Fourteenth Amendments of the U.S. Constitution including, but not limited to,

claims brought under Counts I-III.

3.      Defendant Theis is entitled to qualified immunity as relates to each claim, separately or collectively asserted.

4.      The acts and/or omissions of Defendant Theis were based upon reasonable suspicion and probable cause that a criminal act or acts had been committed by Plaintiff and all acts of Defendant were in furtherance of a lawful purpose.

5.      At all times, Defendant Theis acted in good faith, in a reasonable manner, and based on probable cause.

6.      Defendant Adam Theis asserts the defenses of qualified immunity, good faith, justification and necessity.

7.      Defendant asserts that Plaintiff failed to mitigate the damages alleged in his Amended Complaint.

8.      Plaintiff's damages, if any, are capped under State and Federal laws.

9.      As to any state law claims, Plaintiff failed to provide proper and/or timely notice as required by and under Ind. Code § 34-13-3-8 of the Indiana Tort Claims Act; and Plaintiff's claims herein asserted against Defendant are therefore barred at a matter of law.

10.     Defendant Theis did not act with deliberate indifference to the rights of Plaintiff.

11.     Defendant expressly reserves all immunities to which they are entitled under the laws of the State of Indiana or the United States of America.

12.     The Indiana Tort Claims Act and I.C. § 34-13-3-5(b) preclude a lawsuit against an employee in his individual capacity for torts committed while in the scope and course of his employment.

13.     Defendant Theis is entitled to all applicable immunities under I.C. §34-13-3-3 and

all subsections thereto including but not limited to 6, 7, 8, 10, and 14.

14.     To extent collateral estoppel and res judicata are applicable those defenses are raised herein.  See also *Heck v. Humphrey*, 512 U.S. 477 (1994).

WHEREFORE, Defendant Theis, by counsel, respectfully requests that judgment be entered in his favor for all claims asserted by Plaintiff against him and that Plaintiff's Amended Complaint be dismissed with prejudice. Defendant further requests a trial by jury on any and all claims against Defendant that survive summary dismissal and for their costs and attorney fees.

Respectfully submitted,

**COOTS, HENKE & WHEELER, P.C.**

*s/ Matthew L. Hinkle*
Matthew L. Hinkle, #19396-29
*Attorney for Defendant, Adam Theis*

## JURY DEMAND

Defendant, Adam Theis, an individual, by counsel, demands trial by jury and for his costs and attorney fees.

Respectfully submitted,

**COOTS, HENKE & WHEELER, P.C.**

*s/ Matthew L. Hinkle*
Matthew L. Hinkle, #19396-29
*Attorney for Defendant, Adam Theis*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the <u>**13th day of January, 2020**</u>, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operations of the Court's electronic filing system.

Julie A. Camden
CAMDEN & MERIDEW, PC
10412 Allisonville Road, Suite 200
Fishers, IN  46038
jc@camlawyers.com
*Attorney for Plaintiff*

Aimee Rivera Cole
TRAVELERS STAFF COUNSEL OFFICE
280 East 96th Street, Suite 325
Indianapolis, IN  46240
arcole@travelers.com
*Attorney for Defendant, City of Carmel*

*s/ Matthew L. Hinkle*
Matthew L. Hinkle, #19396-29

COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
Tel: (317) 844-4693
Fax: (317) 573-5385
Email: mhinkle@chwlaw.com