IN THE UNITED STATES DISTRICT COURT
Southern District of Indiana
Indianapolis Division

| | |
|---|---|
| CHANDLER TWO HUNTER BEACH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CITY OF CARMEL, a )<br>Municipality, and ADAM THEIS, an )<br>Individual; )<br>Defendants. ) | Case No. 1:19-CV-04607-RLY-TAB |

**DEFENDANT, CITY OF CARMEL'S, STATEMENT OF DEFENSES**

Defendant, City of Carmel, by counsel, pursuant to the Section IV (B) of the Court's Case Management Plan [ECF 22], provides the following statement regarding the defenses that it would present at trial should Plaintiff's claims survive summary judgment. Defendant has included herein all applicable defenses, including defenses on which it bears the burden of proof; however, Defendant does not agree or concede that it bears the burden of proof with respect to all stated defenses, nor does it intend that the inclusion of any defense herein should impose upon Defendant any burden of proof with respect to any of the elements of Plaintiff's claims for which she has the burden. Defendant reserves the right to pursue any additional defenses that the Court ultimately determines to be defenses for which it bears the burden of proof and which have been raised in Defendant's Answer to Plaintiff's Complaint.

1. Plaintiff did not sustain any constitutional deprivation based upon any custom or practice of Defendant, City of Carme or by a person from the City of Carmel with final policy making authority.

2. Plaintiff has failed to state a claim for which relief can be granted under state law and the Fourth and Fourteenth Amendments of the U.S. Constitution.

3. The alleged acts and/or omissions of Defendant, City of Carmel, did not constitute a violation of Plaintiff's constitutional rights.

4. Defendant is immune from Plaintiff's state law claims pursuant to Ind. Code § 34-13-3-3 and common law.

5. Plaintiff was arrested pursuant to a valid warrant.

6. Defendant is immune from any claims for damages which are punitive in nature and/or request for attorney's fees whether pursuant to statute or common law by virtue of the fact that Defendant is a governmental entity.

7. Defendant acted in good faith and had reasonable grounds for believing that any acts taken did not violate applicable federal or state laws.

8. Plaintiff has failed to fully mitigate his damages.

9. Plaintiff's lawsuit and any recovery is barred to the extent that the claims are subject to any statute limiting the cause of action or the recovery of damages, including but not limited to a cap on compensatory damages and a limitation on interest including Ind. Code § 34-13-3-4.

10. Defendant did not act with malice or reckless indifference.

11. The plaintiff's federal and state law claims are barred by the existence of reasonable suspicion or probable cause.

12. Plaintiff's alleged injuries and damages, if any, are barred or reduced by Plaintiff's independent acts of negligence and/or intentional conduct.

13. Plaintiff failed to timely file a sufficient notice of tort claim pursuant to the Indiana Tort Claims Act.

    Respectfully submitted,

    **TRAVELERS STAFF COUNSEL INDIANA**

By:   */s/ Aimee Rivera Cole*
     Aimee Rivera Cole, #24669-45

280 E. 96th Street, Suite 325
Indianapolis, IN  46240
Direct Dial 317-818-5123
**arcole@travelers.com**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 25th day of September, 2020, a copy of this document was filed electronically, with a copy automatically served via the Court's CM/ECF system upon all counsel of record.
Julie A. Camden
Camden & Meridew PC
10412 Allisonville Road, Suite 200
Fishers, IN  46038

Matt Hinkle
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032

                                            By:   */s/ Aimee Rivera Cole*
                                                    Aimee Rivera Cole, #24669-45

***TRAVELERS STAFF COUNSEL INDIANA***
280 East 96th Street, Suite 325
Indianapolis, IN  46240
DIRECT DIAL (317) 818-5123
FX (317) 818-5124
**arcole@travelers.com**