IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHANDLER TWO HUNTER BEACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-CV-04607-RLY-TAB |
| | ) |
| CITY OF CARMEL, a municipality, and | ) |
| ADAM THEIS, an individual. | ) |

PLAINTIFF CHANDLER TWO HUNTER BEACH'S
RESPONSE TO DEFENDANT ADAM THEIS'S
AMENDED MOTION FOR SUMMARY JUDGMENT

Plaintiff Chandler Two Hunter Beach ("Plaintiff"), by counsel, pursuant to
Rule 56 of the Federal Rules of Civil Procedure, hereby submits his response to
Adam Theis's Motion for Summary Judgment.

## I.    INTRODUCTION

The underlying criminal case involves a robbery that occurred on July 25, 2018,
at a Speedway gas station in Carmel. Plaintiff was charged with multiple felony counts
and accused of being one of the participants in the robbery.

This case was filed after all charges were dropped against Plaintiff. Ultimately,
it was found there was no evidence sufficient to establish Plaintiff had anything to do
with the robbery. Unfortunately, that was not determined until Plaintiff was held in
jail for four months, resulting in reputational, emotional, and financial harm to
Plaintiff, including the loss of his job and the false arrest remaining in the court docket
record inhibiting his ability to get future jobs. Plaintiff was exposed to the trauma of
the police entered into his family home without good reason and before ever speaking to
him, and his being arrested in front of his family while police pointed guns at his

mother and younger brother.

It has been alleged Plaintiff's damages were the direct result of the intentional misconduct and poor judgment of Officer Adam Theis. The allegations against Officer Theis are that (1) Officer Theis misrepresented that in the Arrest Warrant that he "immediately identified the photographs as the same subject in the video following the robbery." This representation was his own personal opinion that was unfounded by any other actual evidence, not logical, and unreliable and could in no way be construed as sufficient for probable cause to arrest and imprison Chandler.

 (2) Theis also made false statement in the probable cause affidavit. In his Search Warrant, Detective Theis stated that he obtained a telecommunication order for Beach's Verizon cellular telephone. He stated that he "received the telecom order back from Verizon which showed no activity on [Beach]'s phone around the time of the robbery after it was pinged near his residence at 0349 hours on 07/25/2018." This statement is false. The Verizon telecom order, which the State finally provided in discovery on February 8, 2019, demonstrated that Beach's phone was continuously active in the vicinity of Beach's residence at the time of the robbery. See Exhibit 1. The robbery occurred at approximately 4:41 a.m. in Carmel, northwest of Indianapolis. Beach's phone was engaged in an active session beginning at 3:49 a.m. and ending at 5:56 a.m. at his residence on the east side of Indianapolis. The fact that his phone was in use at his home the entire time of the robbery should have immediately exonerated Chandler without evidence to the contrary.

It is Plaintiff's position that Theis's investigation was so baseless, illogical and incompetent that it was not just erroneous but reckless. There is enough evidence that jury could determine that it was more probable that not intentionally false and

4

malicious. There are multiple contested questions of facts that are appropriate for a jury to review and Theis has no immunity.

## II.   STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

### A.   First Step of Investigation: The Robbery

In Theis' account of the facts of the robbery, it is undisputed none of those facts had anything to do with the Plaintiff. The robbery involved two black males and the storeowner identified one with a gun wearing black and one wearing red who brought Cheetos to the counter. As indicated in Theis' Motion. The suspect wearing red was identified by fingerprints on the Cheetos bag to be Tyric Hollins (Dkt. 45-1 at ¶ 15*). It is undisputed that there was nothing at this first stage of the investigation at the robbery scene that offered any evidence that Plaintiff was connected to the robbery.*

### B.   Second Stage of Investigation: Tyric Hollins Testimony

When interviewing Hollins, he admitted to participating in the robbery and the investigation had determined the identity of the suspect wearing red as Hollins. When asked who was his accomplice in the robbery, Hollins indicated his accomplice was "Moni". It undisputed that Hollins never claimed Plaintiff had anything to do with the robbery or that he even knew who Plaintiff was. *It is undisputed that through staged one and two of the investigation, there is no evidence that Plaintiff had any connection to the robbery or was associated with the know perpetrator Hollins in any way.*

### C.   Third Step of Investigation: Inspection of Hollis Phone

Upon inspection of Hollis phone, three videos were found that had been taken

5

within an hour of the robbery; also two photos of Plaintiff that Officer Theis singled out, that were taken months before the robbery and were among other photos on the phone; and the phone associated with "Moni" was discovered which was discovered to be registered to Imam Daniels. At this stage Moni should have been the prime suspect because that is who Hollins indicated was with him.

The first error of Officer Theis are his assumptions about the identity of the parties in the three videos taken one hour after the robbery. What is persuasive is you have videos of two individuals one wearing red and one wearing black within an hour of the robbery. The one in back has a gun identified as the same used by the accomplice in black in the robbery. Then you have potentially Hollis in the red sweater as identified by the fingerprints on the Cheetos, that the person with the red sweater had. All of that is consistent with the store owner testimony.  But Theis insists the two who robbed the store switched shirts and traded guns and it is actually Hollis in the black. The unknown suspect, according to Theis is the individual in red that switched sweaters and gun with Hollis. However, there is no other supporting evidence that the suspects switched clothes and guns other than Theis' speculation. There is no other evidence in the record that the individual in the first video was actually Hollis other than Theis judgment. That creates the first layer of speculation as to whether the individual in the third video was the accomplice.

The second erroneous assumption Theis made, was that the individual in the group text photographs was the same individual in the third video. This incorrect assumption by Theis turned out to be the *only thing at all* that connected Plaintiff to

6

the robbery and that only thing was false. This was made solely on Theis' subjective comparison of the picture to the video, that no one else or any fact in evidence ever corroborated that the person in the second video was Plaintiff. It is uncontested Theis had never met Plaintiff or the individual in the third video before making this judgment.

It is undisputed Theis did not investigate how the photographs got on the phone or what the relationship was between Hollis and Plaintiff. The photographs that were taken several months earlier and were not sent directly to Hollis. They were sent to Moni in the group chat of 50 people that Hollis happened to be on. See affidavit of Plaintiff at <u>Exhibit</u> 2.  Plaintiff had never met Hollis in his life, never knew his name, he was just on the same group chat that he was on with Moni, their mutual acquaintance through social media. *Id*. Plaintiff never met Moni other than texting her on social media. *Id*. It was Moni that invited him to join the group text and he sent the pictures because he thought they were good pictures that group would appreciate. *Id*. Accordingly, if he had never met Hollis in his life, which Hollis could have confirmed if Theis would have asked him, he was not in videos with Hollis an hour after the robbery. *In the Third Step of the Investigation, these two unwarranted assumptions, unsupported by any other evidence, than Officer Theis' speculation without investigating the facts further, are the only unsubstantiated evidence that Plaintiff was the accomplice in the robbery.*

**D.  The Fourth Step of the Investigation: The Moni Interview**

What is not mentioned in Theis Motion is that the case was not closed when Hollis identified Moni as the accomplice because Moni turned out to be a girl. It is

undisputed that Moni knew nothing about the robbery. It is unclear from Theis motion if she was asked about the robbery. There is no reference that she was shown or asked about the videos. It is undisputed she did not identify Plaintiff in the third video or as someone who had anything to do with the robbery.

It is interesting that in the two photos of the Plaintiff, it is safe to say that if you did not know it was the Plaintiff in both photos, the photos don't necessarily look like they are of the same person. We don't know which of the two photos Theis showed Moni. Regardless, Moni identified the person in the photo as "CJ Stacks" which Plaintiff admits is the name he uses on his Facebook page and how Moni knew him. *In the fourth step of Investigation it is undisputed Moni had no information that connected Plaintiff to the robbery or the third video but just confirmed that he was in the photograph that is not denied.*

**E. The Fifth Stage of Investigation**

 Officer Theis next located Plaintiff's Facebook page that had the same photos that went to the group chat, that were taken months before the robbery. He then took the birthday on the website to link the website to confirm CJ Stacks was Chandler Beach. Based on Theis assessment that Beach height and weight was similar to the person in the third video. Theis came to the unfounded and illogical conclusion that Beach was likely the person in the third video and that he had probable cause to arrest him based on is unfounded personal assumption that person in the third video was the accomplice in the robbery.  *In the fifth step of the investigation, determining who was in the chat room photo, is irrelevant if (1) Theis correlation between the photo and the third video is not supported by any independent evidence and (2) if Theis' assumption*

8

*that the suspects changes clothes are invalid and not supported by any independent*

*evidence.*

The key to this portion of the investigation is what Theis failed to do. He could have

asked Hollis if he had any idea who Chandler Beach was or if he had ever met him.

He could have asked Chandler what he was doing and at the time of the incident and

who could confirm his alibi (he was at home on Eastside with mother and brother).

He could have verified Chandler's truth through Moni. Theis rather jumped to

misrepresenting to the court that there was probable cause to search Chandler's

Phone and arrest him before he ever questioned him.

**F. The Sixth Stage of Investigation: Plaintiff Phone Records**

The that the phone records indicated nothing that exonerated Beach. It is

conceded that there was absolutely nothing that connected Beach to the robbery on

the phone. But to secure probable cause Theis represented there was no evidence on

the phone that would exclude Beach from participating in the robbery. This blatant

lie that Theis made with full knowledge of truth occurred while the phone records

showed that Plaintiff was consistently on his phone on the eastside near his residence

while he was actually at his residence, which his family could have verified if they

were asked. <u>Exhibit 1 and 2.</u> *In the Sixth Step of the Investigation, there not only*

*conceded agreement there was nothing on the phone that connected to the robbery, but*

*stark evidence Theis lied to secure probable cause.* This evidence would be sufficient

for a jury to determine that Theis was liable for malicious prosecution.

### III   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the record shows that there is "no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Indiana ex rel. Naylor v. Indiana State Teachers Ass'n*, 950 F. Supp. 2d 993, 1000 (S.D. Ind. 2013); citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See *id*. at 255, 106 S.Ct. 2505.

## IV ARGUMENT

### A.    Facts Support a Jury Finding There Was No Probable Cause

In Theis Section A of Argument, it is conceded that there can be recovery for False Arrest, False Imprisonment and Malicious Prosecution when an officer knowingly and with reckless disregard for the truth makes false statement to a judicial office. *Whitlock v. Brown*, 596 F3d 406 (7th Cir 2010). That of course exactly what has been alleged in the case and the evidence presented would support a jury making such a finding as argued above. The evidence that is in the record can be argued to a jury to effectively demonstrate Detective Theis knew probable cause did not exists. There is no evidence that the photographs have any connection to the robbery and certainly don't indicate Plaintiff was associated with robbery.

Theis motion argues probable cause can be based on a single identification from a credible eyewitness. *Hart*, 798 F.3d at 587; see also *Woods*, 234 F.3d at 996 (stating

the Seventh Circuit has "consistently held that an identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause."); *see also Beauchamp*, 320 F.3d at 743 (stating that the complaint of a single witness generally is sufficient to establish probable cause unless the complaint would lead a reasonable officer to be suspicious). Here Theis was **not** an eyewitness. More importantly, there is **no** witness that associates Plaintiff with the crime but Theis.

## B.   Beach's Malicious Prosecution Claim

## Must Stand Under Federal Law

*Howlett v. HackEyeglasses*, United States Court of Appeals, Seventh Circuit, July 21, 2015, 794 F.3d 721, clearly established the right to a Federal wrongful prosecution claim in this instance noting in Indiana: "Howlett also alleged a federal claim of malicious prosecution, based on his Fourth Amendment rights. Such a claim is not actionable if there is an adequate state-law remedy. *Newsome v. McCabe*, 256 F.3d 747, 750–51 (7th Cir.2001). Because the Indiana Tort Claims Act immunizes governmental entities and their employees from malicious-prosecution suits, there is no adequate state remedy and Howlett is entitled in principle to pursue his federal claim. See *Julian v. Hanna,* 732 F.3d 842, 845–49 (7th Cir.2013). Nevertheless, "[f]federal courts are rarely the appropriate forum for malicious prosecution claims" because there is no "federal right not to be summoned into court and prosecuted without probable cause." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir.2011) (quoting *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir.2010)).

Here Plaintiff was deprived of the right to be free from unlawful seizures under the Fourth Amendment and the right to a fair trial under the Due Process Clause.

11

Accordingly, Plaintiff should be allowed to proceed on this Federal malicious prosecution claim under 1983.

**C.     Detective Theis actions fall outside any qualified immunity.**

The reasons Theis actions fall outside any qualified immunity are argued above. It was established that there can be recovery for False Arrest, False Imprisonment and Malicious Prosecution when an officer knowingly and with reckless disregard for the truth makes false statement to a judicial office. *Whitlock v. Brown*, 596 F3d 406 (7th Cir 2010).  That of course exactly what has been alleged in the case and the evidence presented would support a jury making such a finding.

**CONCLUSION**

For the foregoing reasons, the Court should deny Detective Theis's motion for summary judgment on each of the counts. There was no probable cause for the arrest or imprisonment and as argued there are multiple issues of fact and evidence that would allow a jury to grant recovery for false arrest, false imprisonment and malicious prosecution based on Theis' conduct. Accordingly, the motion should be denied in its entirety.

Respectfully submitted,


  /s/ Julie A. Camden
Julie A. Camden, #26789-49
Camden & Meridew, P.C.
10412 Allisonville Road, Ste. 200
Fishers, IN 46038
Phone: (317) 770-0000
Fax: (888) 339-9611
jc@camlawyers.com

12

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 14, 2020, a copy of the foregoing was electronically filed through the Indiana E-Filing System(IEFS) and served upon the following party listed below via U.S. First Class Mail, postage prepaid or via electronically via IEFS:

Aimee Rivera Cole
TRAVELERS STAFF COUNSEL OFFICE
(Indianapolis)
280 East 96th Street
Suite 325
Indianapolis, IN 46240
Matthew L. Hinkle

Matthew HInkle
COOTS HENKE & WHEELER
255 E. Carmel Drive
Carmel, IN 46032

<u>/s/ Julie A. Camden</u>
Julie A. Camden, #26789-49

13